UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARL CHAPMAN,<br><br>　　　　　　　　Plaintiff,<br>v.<br>LATTICE, INC.,<br><br>　　　　　　　　Defendant. | Civil Case No. |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Carl Chapman ("Plaintiff"), by his undersigned attorneys, Rath, Young, and Pignatelli, P.C., for his complaint alleges as follows:

**SUBSTANCE OF THE ACTION**

1.　This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501 *et seq.* Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2.　Plaintiff is an individual residing in the Commonwealth of Australia, doing business as Carl Chapman at Suite 38, 47 Park Road, Brisbane, Australia.

3.　Upon information and belief, defendant Lattice, Inc. ("Defendant") is a company with a principal place of business at 7150 N. Park Drive, Suite 500, Pennsauken, New Jersey, 08109.

## JURISDICTION AND VENUE

4.      This is a civil action in which Plaintiff is seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.,* 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5.      Personal jurisdiction over Defendant is proper because Defendant is, upon information and belief, conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and in this judicial district.

6.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district. Venue is further proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides, committed the acts of infringement, and conducts business in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      Plaintiff's Business**

7.      Plaintiff is a semi-professional photographer who specializes in underwater, technical and agricultural subjects.  Plaintiff provides photography and video stock licensing to various magazines, news outlets, electronic equipment manufacturers, scientific and technology organizations, universities, book publishers, telecom companies, governments and advertising agencies.  His work has been widely published, including by *Australian Geographic*, *Travel and Leisure*, *Discovery Channel*, *TIME*, *Vanity Fair (Italy)*, *National Geographic (Serbia, Italy)*, IBM, Ericsson, Yahoo Travel, International Telecommunications Union (ITU), National Environment Research Council (UK), Planning Institute of Australia, University of Adelaide,

Pravda, Kaelus, Northwestel, Akamai, Vodafone and many others.

8. Plaintiff's intellectual property is very important to his livelihood.

9. As a result, he typically includes copyright management information in the metadata of his works.

10. Plaintiff is the original author of the photographic image attached hereto as Exhibit A (collectively, the "Copyrighted Work").

11. The Copyrighted Work is an original work of authorship created by Plaintiff.

12. On July 12, 2011, Plaintiff obtained a registration with the United States Copyright Office for the Copyrighted Work as part of a collection of photographic images. Attached hereto as Exhibit B is a copy of the certificate for Registration Number VA 1-782-940 obtained from the United States Copyright Office.

**B.  Defendant's Unlawful Activities**

13. Upon information and belief, Defendant owns and operates a website, located at the URL www.latticeinc.com where Defendant uses various media including high quality, alluring photographic images, such as those belonging to Plaintiff, to draw internet users to visit its website, conduct business at its website and to entice users to remain on its website.

14. Plaintiff discovered instances in which Defendant was using the Copyrighted Work to promote Defendant's services and grow viewership at its website, infringing Plaintiff's exclusive copyrights in the Copyrighted Work by reproducing, distributing, and publicly displaying the Copyrighted Work at the URL http://www.latticeinc.com/.

15. Defendant's reproduction, distribution, and public display of the Copyrighted Work were without Plaintiff's permission and were conducted with full knowledge that Defendant does not have such permission or with reckless disregard for the lawful need of such

permission.  Copies of screenshots demonstrating Defendant's unauthorized use are attached hereto as Exhibit C.

16. In addition, upon information and belief, Defendant knowingly altered and/or falsified copyright management information to conceal Defendant's infringement of Plaintiff's Copyrighted Work.

**CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq.*)**

17. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

18. The Copyrighted Work is an original work of authorship, which embodies copyrightable subject matter, and is subject to the full protection of the copyright laws of the United States.

19. Plaintiff owns all rights, title and interest in and to the copyrights in the Copyrighted Work.

20. Upon information and belief, Defendant had access to the Copyrighted Work prior to the creation of the infringing works.

21. By its actions, as alleged above, Defendant has infringed Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501 *et seq.,* by reproducing, distributing and publicly displaying the Copyrighted Work.

22. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

23. As a direct and proximate result of Defendant's infringement of Plaintiff's

copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each infringing reproduction, each infringing distribution, and each infringing public display, or such other amounts as may be proper under 17 U.S.C. § 504(c).  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages and a disgorgement of Defendant's profits from infringement, amounts which will be proven at trial.

24.     Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

25.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
## (17 U.S.C. § 1202)

26.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

27.     Upon information and belief, Defendant has intentionally removed copyright management information which was digitally included the Copyrighted Work.

28.     Upon information and belief, Defendant removed and/or altered copyright management information knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright.

29.     Upon information and belief, Defendant reproduced, distributed and publicly

displayed the Copyrighted Work without copyright management information in order to facilitate or conceal the infringement of Plaintiff's copyrights.

30. Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were willful.

31. By reason of Defendant's violations of the Digital Millennium Copyright Act, Plaintiff has sustained and will continue to sustain substantial injuries.

32. Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, his agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

33. At his election, and *in lieu* of Defendant's profits derived from their violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B) up to a maximum of $25,000.

34. Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Works, or any portion or derivation of the

Copyrighted Works;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally removing copyright management information and intentionally providing and distributing false copyright management information to conceal infringement;

8. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from his violations of the Digital Millennium Copyright Act or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

9. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

10. Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 1203(b)(5);

11. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing

sums;

12.     Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

13.     For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  December 21, 2017

>Respectfully submitted,
>
>By:  /s/ *R. Terry Parker*
>RATH, YOUNG AND PIGNATELLI P.C.
>R. Terry Parker, Esq.
>One Capital Plaza
>Concord, New Hampshire
>Tel.: (603) 226-2600
>Email: rtp@rathlaw.com
>
>*Attorneys for Plaintiff.*